IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY,

    Plaintiff,

vs.

TATE ANDALE, INC.,

    Defendant.

Civil Action No. ADC-17-0670

## MEMORANDUM OPINION

Plaintiff/Counterclaim Defendant, Pennsylvania National Mutual Casualty Insurance Company ("Plaintiff"), moves this Court to dismiss the counterclaims of Defendant/Counterclaim Plaintiff, Tate Andale, Inc. ("Defendant"), for breach of contract (Count II) and statutory failure to act in good faith (Count III) (the "Motion to Dismiss") (ECF No. 32). After considering the Motion to Dismiss and the responses thereto (ECF Nos. 34–35), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). For the reasons stated herein, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Dismiss.

### FACTUAL BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Defendant,[1] a corporation that designs and manufactures a variety of industrial products, including industrial strainers and filters, "used asbestos-containing materials in its[] industrial processes and/or products." ECF Nos. 1 at 3 & 22 at 8. On October 17, 2016, Defendant wrote a letter to Plaintiff

---

[1] References to Defendant include Defendant's alleged predecessors in interest. *See* ECF No. 1 at 3.

which claimed that Plaintiff and its predecessors issued six insurance policies providing commercial liability coverage to Defendant effective from September 20, 1958 to March 9, 1964 and that under these policies, Plaintiff was obligated to indemnify Defendant for asbestos claims by third parties. ECF Nos. 1 at 3 & 22 at 11–12. On December 6, 2016, Defendant sent Plaintiff a correspondence alleging that it had settled multiple asbestos-related claims within the coverage of the alleged policies for $1,720,000, plus $1,606,106 in defense costs, and demanding that Plaintiff "immediately acknowledge and fulfill its coverage obligations." ECF No. 1 at 4 (record citation omitted). Plaintiff responded that it had searched its business records and did not find anything to support Defendant's claim that Plaintiff issued any commercial liability insurance policies to Defendant. *Id.* Defendant then provided copies of "secondary evidence" purported to support its position, including an insurance schedule, a claim notice, and a February 18, 1994 letter, but not a copy of the alleged policies because Defendant does not possess a copy. ECF No. 22 at 9 (record citation omitted).

In this lawsuit, the parties contest the existence of commercial liability insurance policies and their applicability to Defendant's alleged asbestos litigation. Plaintiff seeks a declaratory judgment that Defendant is not entitled to any insurance benefits, coverage, or indemnity from Plaintiff because it "has not established the existence of any commercial liability insurance policy issued by [Plaintiff] for its benefit, or that, if issued, that the alleged terms, conditions, limitations, exclusions, definitions, warranties, and coverage limits of any such alleged policy(ies) would provide coverage to [Defendant] for the losses it claims." ECF No. 1 at 5–6. Through its counterclaim, Defendant asserts claims for a declaratory judgment "that Plaintiff[] owes [Defendant] coverage under certain insurance policies issued to [Defendant] for bodily injury claims brought by third parties, arising from alleged exposure to asbestos, in whole or in

2

part, between 1958 and 1964," breach of contract, and failure to act in good faith pursuant to § 3-1701 of the Courts & Judicial Proceedings Article of the Maryland Code ("CJ"). ECF No. 22 at 6, 14. Plaintiff has moved to dismiss Defendant's breach of contract and failure to act in good faith counterclaims, citing this Court's lack of subject matter jurisdiction and Defendant's failure to state a claim (ECF No. 32).

## PROCEDURAL BACKGROUND

On March 9, 2017, Plaintiff filed this lawsuit against Defendant, seeking a declaratory judgment that Plaintiff did not issue any commercial liability policy of insurance to Defendant and that if any policy existed, Defendant was not entitled to coverage under such policy, plus a reservation of rights count (ECF No. 1). On May 12, 2017, Defendant filed a motion to dismiss Plaintiff's reservation of rights count (ECF No. 8). Upon reviewing the motion and the responses thereto (ECF Nos. 12–13), on February 6, 2018, the Court granted Defendant's motion, dismissing the reservation of rights count of Plaintiff's complaint. ECF No. 21.

On February 21, 2018, Defendant filed an answer and counterclaim (ECF No. 22).[2] The counterclaim included a claim for breach of contract and statutory failure to act in good faith pursuant to CJ § 3-1701. Plaintiff filed its Motion to Dismiss on March 14, 2018 (ECF No. 32). On March 28, 2018, Defendant opposed the Motion to Dismiss (ECF No. 34), and on April 11, 2018, Plaintiff filed a reply (ECF No. 35). Accordingly, the Motion to Dismiss is fully briefed.

---

[2] On March 13, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 27.

## STANDARD OF REVIEW

### A. Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). The plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction under Rule 12(b)(1). *Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint are not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F.Supp.2d at 799 (citation omitted). Where the challenge is factual, however, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. The court, therefore, "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

4

### B. Standard for Motion to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### DISCUSSION

Plaintiff argues that Defendant's breach of contract and failure to act in good faith counts fail to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). ECF No. 32-1 at 16–23. In addition, under Rule 12(b)(1), Plaintiff contends that the failure to act in good faith count is subject to dismissal for failure to exhaust administrative remedies. *Id.* at 11–16.

## A. Breach of Contract (Count II)

Plaintiff argues that Count II of Defendant's counterclaim should be dismissed for failure to state a claim. ECF No. 32-1 at 11, 22–23. Some of Plaintiff's arguments, however, challenge what Defendant can prove, rather than what Defendant alleges in its counterclaim. *See, e.g.*, ECF No. 32-1 at 11. Because the Court must take all factual allegations in the challenged complaint, Defendant's counterclaim, as true when considering a motion to dismiss, *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. ELH-16-3431, 2018 WL 1471682, at *9 (D.Md. Mar. 23, 2018) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)), the Court finds that Defendant has properly stated a claim for breach of contract.

Under Maryland law, "[i]n order to state a claim for breach of contract, a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *Id.* (quoting *RRC Ne., LLC v. BAA Md., Inc.*, 994 A.2d 430, 442 (Md. 2010)). Here, Defendant has alleged that it had purchased insurance policies from Plaintiff and that the policies "provided coverage for an insured against liability for claims of bodily injury and property damage arising out of premises, operations, products, and completed operations liability." ECF No. 22 at 11. Further, Defendant asserted that it suffered damages and loss due to defending "lawsuits alleging bodily injury arising from alleged asbestos exposure during the period in which [Plaintiff] provided [Defendant] commercial general liability insurance." *Id.* According to the counterclaim, Defendant sought coverage from Plaintiff, but Plaintiff denied coverage, and Plaintiff "materially breached the contract by wrongfully denying [Defendant] coverage for timely tendered Asbestos Claims under

6

the Policies." *Id.* at 13–14. Based on these alleged facts which sufficiently support Count II, Plaintiff's Motion to Dismiss Defendant's Count II is denied.

### B. Failure to Act in Good Faith Pursuant to CJ § 3-1701 (Count III)

Plaintiff contends that Count III of Defendant's counterclaim fails for two reasons. First, Plaintiff argues that this Court lacks subject matter jurisdiction because Defendant failed to exhaust its administrative remedies and cannot avail itself of any of the exceptions to the administrative exhaustion requirement. ECF No. 32-1 at 11. Second, Plaintiff posits that Defendant's counterclaim should be dismissed because it fails to adequately allege facts that Defendant did not act in good faith. *Id.* at 16. The Court agrees.

Pursuant to Maryland statutory law, for an insured to bring a civil action against an insurer under a property and casualty insurance policy, the "suit (1) must be used to determine coverage and/or entitlement to payment, (2) must allege that the insurer failed to act in good faith, and (3) may seek actual damages under the policy, expenses and litigation costs, and interest on expenses and litigation costs." *All Class Constr., LLC v. Mut. Ben. Ins. Co.*, 3 F.Supp.3d 409, 415 (D.Md. Feb. 26, 2014) (citing CJ § 3-1701(d)). CJ § 3-1701(a)(5) defines "good faith" as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim." *See also* § 27-1001(a) of the Insurance Article of the Maryland Code ("Ins.") (same).

Under another Maryland statute, Ins. § 27-1001, an action under CJ § 3-1701 must be preceded by an administrative process unless an exception to the exhaustion requirement applies. *See* CJ § 3-1701(c)(1); *see also* Ins. § 27-1001(c)–(g). Defendant did not pursue an administrative remedy, nor did it plead that it exhausted its administrative remedies. Instead, it contends that its claim is not subject to Ins. § 27-1001 because it meets one of the three statutory

exceptions. ECF No. 34 at 6–7. Specifically, Defendant asserts that the third exception is applicable to the instant case because it applies to claims "[u]nder a commercial insurance policy . . . with respect to which the applicable limit of liability exceeds $1,000,000." CJ § 3-1701(c)(2)(iii).

From the face of Defendant's counterclaim, Defendant alleges that "[u]pon information and belief, the Policies, six consecutive commercial general liability insurance policies, have applicable limits of liability which are in excess of one million dollars in the aggregate." ECF No. 22 at 15. Plaintiff challenges this assertion, arguing that Defendant has not met its burden to prove this exception. ECF Nos. 32-1 at 9–10 & 35 at 4–6; *see Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015) (stating that the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction under Rule 12(b)(1)); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (same). The Court agrees. Defendant merely offers a conclusory allegation that the limits of liability of the policies, in the aggregate, exceed one million dollars. It is uncontested that neither party can prove the existence of any policy, and the Court can find nothing to support Defendant's allegation elsewhere in the counterclaim or the supporting exhibits, including the additional exhibits submitted with the Motion to Dismiss and its responses. Therefore, Defendant's jurisdictional footing simply consists of a bald allegation with no basis in fact that doesn't reach the level of a well-pled fact. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" (internal citations omitted)). Accordingly, the Court lacks subject matter jurisdiction over Count III.

Moreover, even if this Court did have subject matter jurisdiction over Count III, this counterclaim contains allegations insufficient to state a claim. A proper "evaluation of whether an insurer investigated a claim in good faith 'requires, for example, an evaluation of the insurer's efforts to obtain information related to the loss, accurately and honestly assess this information, and support its conclusion regarding coverage with evidence obtained or reasonably available.'" *Class Produce Grp., LLC*, 2018 WL 1471682, at *11 (quoting *All Class Constr., LLC*, 3 F.Supp.3d at 416). "[T]he fact that the plaintiffs there were unable to persuade the insurer to change its mind does not mean that the insurer failed to act in good faith." *All Class Constr., LLC*, 3 F.Supp.3d at 417 (citing *Millennium Inorganic Chems. Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 893 F.Supp.2d 715, 740–41 (D.Md. 2012) (applying a "totality of the circumstances" standard to determine that the insurer acted in good faith and noting that the insurer in the case provided the insured "with a reasoned basis for the denial of its claim, and then held the claim open to permit [the insured] to marshal further evidence and argument in support of it"), *rev'd and remanded on other grounds*, 744 F.3d 279 (4th Cir. 2014)).

First, Plaintiff argues that Count III should be dismissed as there is no insurance policy and CJ § 3-1701 does not apply. CJ § 3-1701(d)(1)(i) provides that the statutory claim for failure to act in good faith "applies only in a civil action [t]o determine the coverage that exists under the insurer's insurance policy." Where the parties dispute the existence of the alleged insurance policy and the alleged insurer provides a reasonable explanation for its determination that a policy doesn't exist, the insurer cannot be liable for failing to act in good faith under an insurance policy. *See Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F.Supp.2d 321, 339 (D.Md. 2012) (stating that "only an insured . . . may bring a claim under C.J. § 3-1701

9

against an insurer that denies coverage"). No bad faith claim can arise in the absence of a policy upon which an alleged insurer can evaluate coverage for the alleged insured.

Moreover, assuming *arguendo* that any policy does exist, Defendant alleges, in its counterclaim, that Plaintiff did not conduct a reasonable inquiry and investigation regarding Defendant's coverage claim and that Plaintiff "failed to act in good faith by inexplicably denying coverage and denying the existence of the Policies under which it previously paid claims" as well as "by ignoring clear and convincing evidence of the Policies' existence and, instead, pursuing this vexatious litigation to further its wrongful denial." ECF No. 22 at 15–16. In the Court's analysis of the sufficiency of Count III, it may consider the correspondences regarding coverage provided by the parties with the Motion to Dismiss and its responses (ECF Nos. 22-1 to 22-2, 32-3 to 32-9, & 34-1) because they, too, are integral to the complaint and their authenticity has not been questioned. *See All Class Constr., LLC*, 3 F.Supp.3d at 417–18. Collectively, the correspondences demonstrate the lengthy back-and-forth between Plaintiff and Defendant, including Plaintiff's requests for more information regarding the alleged coverage and the policy giving rise to the alleged coverage, as well as Plaintiff's search in its records into potential liability coverage. *See* ECF Nos. 22-1 to 22-2, 32-3 to 32-9, & 34-1. In particular, in Plaintiff's letter dated June 8, 2017, Plaintiff explained its reasoning for determining that Defendant had not proven that it was entitled to coverage, including that Plaintiff had not provided evidence of the existence of any commercial general liability insurance policy from 1958 to 1964 and detailed its search in its records for the alleged policies. ECF No. 32-8 at 2–7. Plaintiff's letters, which continuously requested additional information necessary to evaluate Defendant's alleged claim for coverage and expressed that Plaintiff would continue to reevaluate coverage based on the production of additional information, suffices as a reasonable basis for determining that

Defendant had not established its entitlement to coverage. Thus, the Court finds that based on the facts outlined in the Complaint, Defendant has failed to state a plausible claim under Count III and Count III will be dismissed.

In conclusion, for the reasons stated herein, Plaintiff's Motion to Dismiss the allegations of breach of contract and failure to act in good faith is GRANTED as to Count III and DENIED as to Count II.

A separate order will follow.

Date: 19 April 2018

A. David Copperthite
United States Magistrate Judge